# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 3 C 4621 | DATE | 7/13/2004 |
| CASE TITLE | Willie Morris vs. Bill O'Boyle et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, defendants First Equity Mortgage and Bill O'Boyle's motion for summary judgment is [14-1] granted, terminating the case. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 1 4 2004 | |
| | Notified counsel by telephone. | date docketed | 23 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 2004 JUL 14 AM 8:21 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

WILLIE MORRIS, )
)
        Plaintiff, )
) No. 03 C 4621
v. )
) Wayne R. Andersen
BILL O'BOYLE and ) District Judge
FIRST EQUITY MORTGAGE, )
)
        Defendants. )

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on defendants' motion for summary judgment. Plaintiff Willie Morris has filed a *pro se* complaint against defendants Bill O'Boyle and First Equity Mortgage alleging both racial and gender discrimination in violation of Title VII, 42 U.S.C. § 2000e *et. seq.* For the following reasons, defendants' motion for summary judgment is granted.

## BACKGROUND

The following undisputed facts are taken from defendants' Local Rule 56.1 Statement of Material Facts. Defendant O'Boyle is the president of First Equity Mortgage. First Equity Mortgage first hired Morris in April 2002 as a telemarketer. On his first scheduled start date, Morris called O'Boyle to explain that he would not be able to show up for work because he was in a car accident. O'Boyle gave Morris a second start date. However, Morris did not show up for work on the second date either. O'Boyle contacted Morris to inquire about his absence. Morris explained that he had been offered and accepted a job with the Cook County Forest Preserve, and thus, he would not be working at First Equity Mortgage.

23

Several months later, Morris once again interviewed for a telemarketing position at First Equity Mortgage. Although O'Boyle was hesitant to hire Morris again, O'Boyle decided to give Morris another chance and offered him a job. At that time, O'Boyle set forth First Equity Mortgage's absentee and notification policies and employment guidelines and specifically explained to Morris that, if he violated the absentee or notification policies, he would be discharged. First Equity Mortgage had very strict guidelines for new employees. Among other guidelines, it is First Equity Mortgage's policy that an employee contact the office manager at a minimum of three hours prior to the start of his or her shift if there is going to be problem or if the employee will not be at work. The first month of employment at First Equity Mortgage is considered a probationary time period for new employees. During this time, new employees may be fired for any violations of First Equity Mortgage's employment guidelines or policies.

Morris began his employment with First Equity Mortgage in or about November 2002. However, only three or four days after he had started, Morris called into work about thirty minutes before his shift was scheduled to begin and stated that he had a cold and would be late for work because he had to fill a prescription. Later that afternoon, well after Morris' shift had begun, he called the office manger again and explained that he would not be coming into work at all that day. O'Boyle fired Morris the next day because: (1) Morris did not show up for work; (2) he failed to comply with First Equity Mortgage's notification policy that he call in at least three hours before the scheduled start time of his shift to inform the office manager that he would be late; and (3) he did not call back until at least four hours after his shift began to inform the office manager that he would not be coming into work at all. Thereafter, Morris filed the instant lawsuit alleging racial and gender discrimination.

## DISCUSSION

As a threshold matter, this Court notes that Morris has not alleged or claimed that he has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as he is required to do so, and defendants have not addressed this issue in their motion. A plaintiff must file an employment discrimination complaint within 300 days of the alleged discriminatory behavior. 42 U.S.C. § 2000e-5(e); *see also Slovinec v. Illinois Department of Human Services*, 2004 WL 1114758, at *8 (N.D. Ill. 2004). If a plaintiff fails to file a timely complaint with the EEOC, then he will be precluded from bringing such a claim in federal court. *Koelsch v. Betone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995).

In opposition to defendants' motion for summary judgment, Morris has attached copies of a Charge of Discrimination that he claims to have submitted to the Illinois Labor Relations Board as well as a wage claim application that he submitted to the Illinois Department of Labor. These administrative filings are not sufficient to satisfy his obligation to file a charge of discrimination with the EEOC. However, Seventh Circuit authority indicates that a plaintiff's administrative filing requirement is not jurisdictional. *Slovinec*, 2004 WL 1114758, at *8, citing *Cheek v. W. & S. Life Ins.*, 31 F.3d 497, 499 (7th Cir. 1994). Instead, meeting the administrative filing requirements is in the nature of a "condition precedent" as opposed to a jurisdictional prerequisite. *Id.*

As a procedural matter, this case should be dismissed because there is no evidence in the record that Morris has complied with the requirement that he, in fact, filed an EEOC complaint within 300 days of the alleged act of discrimination. Although Morris' complaint is fatally deficient because there is no evidence before us that he has filed a complaint with the EEOC, we

3

nevertheless will address the merits of Morris' claim and defendants' motion for summary judgment.

## A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply this standard with particular care in employment discrimination cases in which intent and credibility are critical. *Senner v. Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997). Nevertheless, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner*, 113 F.3d at 757.

Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations alone will not defeat a motion for summary judgment. *Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003), citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990). "Speculation does not create a *genuine* issue of fact, instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995) (emphasis added). The fact-intensive nature of employment discrimination cases does

4

not oblige the court to "scour the record" for factual disputes to help a plaintiff avert summary judgment. *Greer v. Bd. of Ed. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

Local Rule 56.1 for the Northern District of Illinois requires that the parties support all disputed facts with specific references to the record and further emphasizes that it is inappropriate to include legal conclusions and/or argument in the Rule 56.1 statements of facts. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000). The Seventh Circuit repeatedly has sustained the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the local rules and regularly upholds strict enforcement of Rule 56.1. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (citing cases).

In this case, Morris has failed to object properly and/or respond to nearly all of defendants' asserted, and properly supported, facts. Defendants O'Boyle and First Equity Mortgage filed their statement of undisputed facts with supporting affidavits, and Morris did not file a response to a single statement of fact asserted by defendants. Instead, Morris included a discussion of the alleged factual background in his memorandum of law and also filed a separate document which purports to be a six-paragraph statement of undisputed facts but does not have a single citation to any supporting affidavits.

Morris, however, did submit a declaration of another individual, Mary Russell, in support of his opposition to defendants' motion, yet he does not cite this declaration in his statement of facts. Rule 56(e) requires that affidavits offered in opposition to summary judgment be made on personal knowledge and set forth such facts as would be admissible at trial. "Although 'personal

knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998), quoting *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988). In many instances, that is not the case with Russell's declaration which contains unsupported conclusory assertions that do not appear to be based on personal knowledge. Because Morris has failed to comply with Local Rule 56.1, we adopt defendants' statement of the facts in deciding the summary judgment motion. However, it should be noted that we have reviewed and studied all of the materials submitted by Morris, and when appropriate, we have taken into consideration the materials he has submitted to the Court.

### B. Plaintiff Can Not Maintain a Discrimination Claim against Defendant O'Boyle

Morris has filed a discrimination claim against both First Equity Mortgage and its president Bill O'Boyle. However, O'Boyle is not an employer as defined by Title VII and can not be held individually liable. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). In *Williams*, the Seventh Circuit determined that a supervisor, in his individual capacity, does not fall within the scope of Title VII's definition of "employer." *Id.* Like the plaintiff in *Williams*, Morris filed a discrimination claim against his supervisor Bill O'Boyle. However, First Equity Mortgage is Morris' employer, not O'Boyle. Thus, the motion for summary judgment is granted as to defendant O'Boyle, and he is dismissed from this lawsuit with prejudice.

6

### C. Plaintiff Can Not Establish a Prima Facie Case of Either Racial or Gender Discrimination

Morris argues that First Equity Mortgage has discriminated against him based on his race and his gender. Under the Title VII, it is "an unlawful employment practice for an employer – to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff alleging race or gender discrimination under Title VII can prove such discrimination either by providing direct evidence of an employer's discriminatory intent or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff has not produced any direct evidence of either race or gender discrimination. Thus, we proceed under the *McDonnell Douglas* framework. Under this burden-shifting method to establish a prima facie case of race or gender discrimination, Morris must initially demonstrate: (1) he is a member of a protected class; (2) he is performing his job satisfactorily; (3) an adverse employment action occurred; and (4) those outside of the protected class were treated more favorably. *Payne v. Milwaukee County*, 146 F.3d 430, 434 (7th Cir. 1998). If the plaintiff establishes a prima facie case, then "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reasons for its allegedly biased employment decision." *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). If the employer provides a legitimate, non-discriminatory reason, then the plaintiff must show by a preponderance of the evidence that the employer's stated reason for its decision is nothing more than pretext. *Id.*

It is not disputed that Morris is an African American male. However, to the extent that Morris claims that First Equity Mortgage has intentionally discriminated against him based on his race or his gender, he has failed to provide any evidence of discrimination or discriminatory intent. Morris has not presented any evidence that he was performing his job satisfactorily. Although Morris asserts that he was performing satisfactorily, "conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002). In addition, Morris has not established that other employees of First Equity Mortgage who are outside the protected class were treated differently. Beyond his unsupported, conclusory allegations, Morris has not presented a scintilla of evidence of discriminatory conduct by First Equity Mortgage.

Even assuming *arguendo* that Morris could establish a prima facie case of either race or gender discrimination, First Equity Mortgage has provided a legitimate, non-discriminatory reason for its decision to discharge Morris – Morris' failure to show up for work and to comply with First Equity Mortgage's notification policy. As the Seventh Circuit has stated, the court will "not sit as a super-personnel department that reexamines an entity's business decisions." *Debs v. Northeastern Ill. Univ.*, 153 F.3d 390, 396 (7th Cir. 1998). Thus, First Equity Mortgage has articulated a legitimate, non-discriminatory reasons for its attendance and notifications policies.

In order to satisfy his burden of persuasion, Morris now must show that the proffered reasons are pretextaul. "A pretext for discrimination means more than an unusual act; it means something worse than a business error; pretext means deceit used to cover one's tracks." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 730 (7th Cir. 2001). To demonstrate pretext, a plaintiff must show that each of the defendant's articulated reasons for its employment decision either:

8

"(1) had no basis in fact; (2) did not actually motive [the employment decision]; (3) was insufficient to motivate [the employment decision]." *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002). There is nothing in the record showing that First Equity Mortgage is lying about its proffered explanation, and Morris has not introduced a scintilla of evidence demonstrating that First Equity Mortgage promulgated its policies with an intent to discriminate against its employees, including specifically Morris himself, based either on their race or gender.

In sum, Morris has failed to establish a prima facie case of both race and gender discrimination and cannot demonstrate that First Equity Mortgage's proffered reasons for its attendance and notification policies are a pretext for any discriminatory intent. Thus, we find that there are no issues of material fact, and First Equity Mortgage is entitled to judgment as a matter of law.

## CONCLUSION

For all of the foregoing reasons, defendants First Equity Mortgage and Bill O'Boyle's motion for summary judgment is granted, terminating the case. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 13, 2004

9